# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| **TIMOTHY MURRAY,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **No.  6:26-CV-00002-LS** |
| | § | |
| **THE STATE OF TEXAS and C38,** | § | |
| | § | |
| *Defendants*. | § | |

## <u>DISMISSAL ORDER</u>

*Pro se* plaintiff Timothy Murray sues the State of Texas and "C38" because his truck was towed.

### 1. Proceeding In Forma Pauperis.

I grant Mr. Murray's motion to proceed *in forma pauperis* ("IFP")[1] because he claims he is unemployed and has had no income since 2012.

### 2.  Legal Standards.

Mr. Murray's complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). The statute provides, in pertinent part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.[2]

A complaint is frivolous if it lacks an arguable basis in law or fact.[3] The dismissal standards for failure to state a claim are the same under § 1915(e)(2)(B)(ii) and Federal Rule of Civil

---

[1] ECF No. 1.

[2] 28 U.S.C. § 1915(e)(2)(B).

[3] *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

Procedure 12(b)(6).[4] A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face if it is to survive a motion to dismiss.[5] The complaint need not contain "detailed factual allegations" but must state "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[6]

A court must consider the allegations in a *pro se* plaintiff's complaint liberally.[7] *Pro se* status does not, however, afford a plaintiff an "impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets."[8]

**3. Mr. Murray's Complaint Fails to State a Claim.**

Mr. Murray alleges that the defendants violated his equal protection, 14th Amendment, 8th Amendment, and due process rights. He also appears to assert causes of action styled as "denied due clause/TILA/31 USC 3123/HJR-192/15 USC 1605." All of these ostensible causes of action are based on the following factual allegation: "my Truck was towed."[9] Mr. Murray's complaint fails to state any viable claim and is dismissed because it does not explain what the named defendants did or how the towing of his truck constitutes a violation of any asserted cause of action.

**Conclusion**

This case is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) for failure to state a claim and as frivolous. Plaintiff is granted 21 days to file an amended complaint and failure to do so will result in a final judgment dismissing this lawsuit.

---

[4] *Newsome v. E.E.O.C.*, 301 F.3d 227, 231 (5th Cir. 2002).
[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[6] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[7] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).
[8] *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).
[9] ECF No. 1-1 at 5.

**SO ORDERED.**

**SIGNED** and **ENTERED** on January 27, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**